# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRACY L. STEPHENS
and YARDANA W. GRISSOM,

    **Plaintiffs,**

    v.                                                 Case No. 06-C-271

ATTORNEY DONALD D. JACKSON,
in his individual capacity, and
HIS INSURANCE COMPANY,

    **Defendants.**

# DECISION AND ORDER

        Plaintiffs, Tracy L. Stephens, who is incarcerated at the Oshkosh Correctional Institution, and Yardana Grissom, who is not a prisoner, commenced this *pro se* tort action against the defendants on March 6, 2006. The $250.00 filing fee for the action was also paid on March 6, 2006. In addition to filing the complaint, plaintiff Stephens filed two motions: (1) Motion for Leave to Proceed *In Forma Pauperis* (Docket #2); and (2) Motion for the Appointment of Counsel (Docket #3).[1] These motions will be addressed herein

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

        In his motion for leave to proceed *in forma pauperis*, plaintiff Stephens asks the court to allow the complaint to be filed "without first being required to pre-pay fees and costs for filing in this action . . . ." (Docket #2 at 1.) However, the record shows that the the $250

---

[1] Both of these motions were only signed by plaintiff Stephens.

filing fee was paid when the complaint was filed on March 3, 2006.[2] Therefore, because the plaintiffs have already paid the filing fees associated with this action, plaintiff Stephens' motion for leave to proceed *in forma pauperis* will be denied, as moot.

## II. MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff Stephens asks the court to appoint counsel to represent him for the following reasons: (1) he is indigent; (2) the issues in the case are "very complex and beyond the plaintiff's knowledge and understanding": (3) the inmate who has been helping him with legal work was released; (4) the prison limits his acccess to the law library; and (5) the ends of justice would be served if he was represented by an attorney. (Docket #3, ¶¶1-5.)

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address whether, given the difficulty of the case, the plaintiff appears to be competent to try the case him or herself and, if not, whether the

---

[2]By order of March 13, 2006, this court concluded that the normal rule of one filing fee per suit applies in the instant case despite the holding by the Court of Appeals for the Seventh Circuit in *Boriboune v. Berge*, 391 F.3d 852, 855-856 (7th Cir. 2004). (Docket #4.) In *Boriboune*, the court of appeals held that in cases where multiple prisoners are seeking to litigate *in forma pauperis*, each prisoner is required to pay the full filing fee. *Id.* In the March 13, 2006, the court determined that the holding in *Boriboune* did not apply to cases like the instant one in which one plaintiff is a prisoner but the other is not.

- 2 -

presence of counsel is likely to make a difference in the outcome of the case. *Id.* (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

  Here, plaintiff Stephens has not demonstrated that he has made any effort to secure counsel or that such effort was unsuccessful. Accordingly, because he has not met his threshold burden, plaintiff Stephens' motion will be denied, without prejudice.

  **IT IS THEREFORE ORDERED** that plaintiff Stephens' motion for leave to proceed *in forma pauperis* is **denied**, as moot.

  **IT IS FURTHER ORDERED** that plaintiff Stephens' motion for the appointment of counsel is **denied**, without prejudice.

  Dated at Milwaukee, Wisconsin, this 12th day of May, 2006.

      **SO ORDERED,**

      **s/Rudolph T. Randa**
      **HON. RUDOLPH T. RANDA**
      **Chief Judge**