## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

TRACY L. STEPHENS
and YARDANA W. GRISSOM,

      **Plaintiffs,**

      **v.**                                 **Case No. 06-C-271**

ATTORNEY DONALD D. JACKSON,
in his individual capacity, and
HIS INSURANCE COMPANY,

      **Defendants.**

---

## DECISION AND ORDER

---

Plaintiffs, Tracy L. Stephens, who is incarcerated at the Oshkosh Correctional Institution, and Yardana Grissom, who is not a prisoner, commenced this *pro se* tort action against the defendants on March 6, 2006. The $250.00 filing fee for the action was also paid on March 6, 2006. By order of May 12, 2006, the court denied plaintiff Stephens' request for the appointment of counsel, without prejudice. Presently before the court is Mr. Stephens' motion for reconsideration of that decision which the court will construe as a renewed motion for the appointment of counsel.

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.

1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

The first motion for the appointment of counsel filed by Mr. Stephens was denied because the court concluded that the plaintiff had failed to meet his threshold burden. In his renewed motion, the plaintiff has shown that attempts have been made to obtain legal counsel but they have been unsucccessful. Specifically, plaintiff Stephens has provided the court with a copy of a letter that was mailed to ten Wisconsin attorneys all of whom, according to the plaintiff, have failed to respond. Thus, the court finds that the plaintiff has met his threshold burden. *Zarnes*, 64 F.3d at 288.

Nevertheless, the court finds that, at this early stage of the proceedings, plaintiff Stephens appears competent to try the case himself. Mr. Stephens claims that counsel should be appointed because he does not have a law degree and "(NO) legal help or knowledge of the law whether criminal or civil." Pl's Motion for Reconsideration at 2. However, such assertions do not establish that plaintiff is less competent than any average *pro se* litigant to try the case himself. *See Hudson v. McHugh*, 148 F.3d 859, 862-63 n.1 (7th Cir. 1998) (decision not to appoint counsel was reasonable in Eighth Amendment case

2

involving "tricky issues of state of mind and medical causation" where the litigant appeared "as competent as any average pro se litigant"). Moreover, this is a legal malpractice action concerning plaintiff's allegation that defendant Donald Jackson agreed to represent plaintiff in his criminal case and took $25,000 for such representation but "did not do any work in [the case]." Pl's Motion for Reconsideration at 2. As such, at this stage of the proceedings, this case does not appear to involve unusually complex issues. Therefore, plaintiff's renewed motion for the appointment of counsel will be denied, without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion for Reconsideration" which has been treated as a renewed motion for the appointment of counsel is **denied**, without prejudice.

Dated at Milwaukee, Wisconsin this 14th day of August, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**

3