# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRACY L. STEPHENS
and YARDANA W. GRISSOM,

    Plaintiffs,

    v.                                                                         Case No. 06-C-271

ATTORNEY DONALD D. JACKSON,
in his individual capacity, and
HIS INSURANCE COMPANY,

    Defendants.

## DECISION AND ORDER

Plaintiffs, Tracy L. Stephens, who is incarcerated at the Oshkosh Correctional Institution, and Yardana Grissom, who is not a prisoner, commenced this *pro se* tort action against the defendants on March 6, 2006.[1] The $250.00 filing fee for the action was also paid on that date. The plaintiffs allege that the court has original jurisdiction over the action pursuant to 28 U.S.C. §1332 because it is one between citizens of different states and the amount in controversy exceeds the sum of $75,000. The matter comes before the court pursuant to a motion to dismiss for lack of subject matter jurisdiction filed by defendant Donald Jackson. Defendant Jackson contends that he and plaintiff Yardana Grissom are

---

[1] The complaint that was originally filed with the court was not signed by Ms. Grissom. The court pointed out this defect to the plaintiffs by order of March 13, 2006, and gave Ms. Grissom until April 3, 2006, to file a copy of the complaint with her signature. (Docket #4.) The signed complaint was filed by Ms. Grissom on April 3, 2006. (Docket #5.)

both Oklahoma citizens for the purpose of jurisdiction and therefore, complete diversity does not exist between the parties. In addition, defendant Jackson argues that the amount in controversy is below the jurisdictional amount of $75,000.

In analyzing a motion to dismiss for lack of subject matter jurisdiction under Rules 12(b)(1), Federal Rules of Civil Procedure, a district court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The burden of establishing federal jurisdiction is on the party asserting jurisdiction. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Federal diversity jurisdiction requires that parties to an action be of diverse state citizenship; that is, no plaintiff may be a citizen of the same state as any defendant. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989). "Citizenship" for diversity purposes is determined by a party's domicile, *see Gilbert v. David*, 235 U.S. 561 (1915); *Pollution Controls Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994), which means the state where a party is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).

Here, defendant Jackson asserts in his motion that diversity is lacking because he and plaintiff Grissom are both "citizens of Oklahoma." *See* Brief in Support of Motion of Defendant Donald D. Jackson to Dismiss at 2. The plaintiffs do not challenge that assertion.

2

Indeed, the only response to the motion to dismiss was filed by plaintiff Stephens and he does not address the issue of citizenship but instead focuses on the amount in controversy requirement. Further, in the complaint, plaintiff Grissom acknowledges that she is a resident of Spencer, Oklahoma.

Because the record establishes that plaintiff Grissom and defendant Jackson are both citizens of Oklahoma, there is not complete diversity and this court lacks subject matter jurisdiction over this case. Thus, defendant Jackson's motion to dismiss will be granted.

**IT IS THEREFORE ORDERED** that the "Motion of Defendant Donald D. Jackson to Dismiss" is **granted**.

**IT IS FURTHER ORDERED** that this action is **dismissed**, without prejudice, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 13th day of September, 2006.

          **SO ORDERED,**

          s/ Rudolph T. Randa
          HON. RUDOLPH T. RANDA
          Chief Judge